Filed 12/28/21  P. v. Hall CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TOMMIE HALL,<br><br>Defendant and Appellant. | C092890<br><br>(Super. Ct. No. 06F07163) |

Defendant Tommie Hall appeals from the trial court's order denying his petition for resentencing under Penal Code[1] section 1170.95.  Defendant contends the trial court erred because it considered the record of conviction when assessing whether defendant had made a prima facie showing he was entitled to relief.  We affirm.

BACKGROUND

In 2009, a jury found defendant guilty of second degree murder.  The jury also found true allegations defendant was armed with a firearm and that the murder was

---

[1]     Undesignated statutory references are to the Penal Code.

1

committed by shooting a firearm from a motor vehicle with intent to inflict great bodily injury, but found not true an allegation the murder was committed by shooting a firearm from a motor vehicle at a person outside the vehicle with intent to inflict death.

Defendant appealed and we summarized the facts of the case. (*People v. Stirgus et al.* (July 20, 2011, C064078) [nonpub. opn.].) In short, defendant and his codefendant, Deontae Sultan Stirgus, shot and killed the victim in a drive-by shooting. We affirmed the convictions.

In 2019, defendant filed a petition to vacate his conviction under section 1170.95. The petition included a declaration indicating that a complaint was filed against defendant that allowed the prosecution to proceed under a theory of murder under felony murder or the natural and probable consequences doctrine, that at trial he was convicted of second degree murder under the felony murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019.

The court appointed counsel and ordered briefing on several issues, and the parties submitted briefing accordingly. Defendant's reply brief attached several documents from defendant's case, including the direct appeal opinion, jury verdict forms, the amended information, and legislative history documents, and noted that "[a]t this stage, the court may rely on the record of conviction in adjudging the prima facie case presented by the petitioner."

The trial court issued a written order denying the petition. The trial court stated it had reviewed "all pleadings, the Appeals Court opinion, and trial record, to include jury instructions, relevant to the issue whether defendant Hall is ineligible for relief under [section] 1170.95." The court explained that at defendant's trial, "[t]he jury had been instructed with CALCRIM No. 401, on direct aiding and abetting; no jury instruction was given on the natural and probable consequences doctrine of aiding and abetting or conspiracy. The jury was also instructed with CALCRIM Nos. 520 and 521 on the

2

malice aforethought theory of first and second degree murder, and on first degree murder based on shooting from a motor vehicle with the intent to kill. . . . There was <u>no jury instruction</u> given on any felony-murder theory." Thus, the court concluded, defendant was not "convicted on a theory of either felony murder or the natural and probable consequences doctrine," and was ineligible for relief under section 1170.95.

## DISCUSSION

Defendant argues the trial court erred when it denied his petition because it did not accept the allegations in his petition as true and instead considered "evidence," including the direct appeal opinion and jury instructions, to conclude defendant was ineligible for relief. Defendant claims this contravenes the plain language of section 1170.95, which permits the trial court to "consider evidence outside the petition only for the purpose of supplying 'missing' information and not to otherwise supplement it, contradict it, or defeat it." We disagree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences" theory to file a petition to have the petitioner's murder conviction vacated and to be resentenced when three conditions apply: (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) the petitioner was convicted of first degree or second degree murder; and (3) the petitioner could not be convicted of murder because of changes to sections 188 or 189 made by Senate Bill No. 1437. (§ 1170.95, subd. (a).)

3

After a defendant submits a petition, the court must determine whether the petitioner has made a prima facie case that he or she is entitled to relief. (§ 1170.95, subd. (c).) If the petitioner has made such a case, the court must issue an order to show cause. (*Ibid.*)

After defendant filed his opening brief, our Supreme Court issued its decision in *People v. Lewis* (2021) 11 Cal.5th 952, in which it explained that section 1170.95, subdivision (c) requires "only a single prima facie showing." (*Lewis*, at p. 962.) The Supreme Court determined a trial court could consider the record of conviction in determining whether a petitioner was eligible for relief under section 1170.95, reasoning, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, at p. 971.)

More particularly, the trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, [but] the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) While appellate opinions "are generally considered to be part of the record of conviction, . . . the probative value of

4

an appellate opinion is case-specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Id.* at p. 972.)

In accordance with *Lewis*, we conclude the trial court properly reviewed the record of conviction, including the jury instructions used at defendant's trial, to determine whether the instructions permitted the jury to find defendant guilty on a felony murder theory or under the natural and probable consequences doctrine. Thus, the trial court did not err when it concluded defendant was not eligible for relief under section 1170.95 because he was not convicted of felony murder or murder under the natural and probable consequences doctrine

DISPOSITION

The order denying the petition is affirmed.

/s/_____
Robie, J.

We concur:

/s/_____
Blease, Acting P. J.

/s/_____
Mauro, J.

5